1    BLAIR M. JACOBS (admitted *pro hac vice*)
     blairjacobs@paulhastings.com
2    CHRISTINA A. ONDRICK (admitted *pro hac vice*)
     christinaondrick@paulhastings.com
3    PAUL HASTINGS LLP
     875 15th Street NW
4    Washington, DC 20005
     Telephone: (202) 551-1700
5
     YAR R. CHAIKOVSKY (SBN: 175421)
6    yarchaikovsky@paulhastings.com
     PAUL HASTINGS LLP
7    1117 S. California Avenue
     Palo Alto, CA 94304
8    Telephone: (650) 320-1800

9    *Attorneys for Defendants Fairchild Semiconductor Int'l, Inc.,*
     *Fairchild Semiconductor Corp., and Fairchild (Taiwan) Corp.*
10

11                  IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14   POWER INTEGRATIONS, INC.,            Case No. 3:15-cv-04854-MMC

15                  Plaintiff,            **FAIRCHILD'S MOTION TO DISMISS**
                                          **PI'S FIRST AMENDED COMPLAINT**
16          v.

17   FAIRCHILD SEMICONDUCTOR
     INTERNATIONAL, INC., FAIRCHILD
18   SEMICONDUCTOR CORPORATION, and      Date:        April 8, 2016
     FAIRCHILD (TAIWAN) CORPORATION,     Time:        9:00 a.m.
19                                        Location:    Courtroom 7, 19th Floor
                                          Before:      Hon. Maxine M. Chesney
                    Defendants.
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 3

III.    LEGAL STANDARD ................................................................................................ 6

IV.     ARGUMENT .......................................................................................................... 7

        A.      PI's Allegations of Infringement of the '079 Patent Are an Impermissible
                Collateral Attack on This Court's Ruling in *Fairchild IV* ..................................... 7

        B.      PI's Allegations of Infringement of the '079 Patent Are Barred By the
                Prohibition on Claim Splitting ................................................................................. 9

        C.      PI's Amended Complaint Fails to State a Claim for Direct Infringement ............ 13

        D.      PI's Amended Complaint Fails to State a Claim for Willful Infringement ......... 14

        E.      PI's Amended Complaint Fails to State a Claim for Indirect Infringement ........ 16

V.      CONCLUSION ...................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

Cases

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008) ............................................................... 10

*Adams v. California Department of Health Servs.*,
    487 F.3d 684 (9th Cir. 2007) .................................................................. 11

*Adaptix, Inc. v. Amazon.com, Inc.*,
    2015 WL 4999944 (N.D. Cal. Aug. 21, 2015) ................................... 13, 16

*Addiction & Detoxification Institute LLC. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ......................................................... 13

*Adobe System Inc. v. Wowza Media Sys., LLC*,
    72 F.Supp.3d 989, 993 (N.D. Cal. 2014) .................................................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................... passim

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
    672 F.3d 1335 (Fed. Cir. 2012) ......................................................... 12, 13

*Avocet Sports Technology, Inc. v. Garmin International, Inc.*,
    2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ................................... 16, 18

*Barron v. Reich*,
    13 F.3d 1370 (9th Cir. 1994) .................................................................... 6

*Bascom Research LLC v. Facebook, Inc.*,
    2013 WL 968210 (N.D. Cal. Mar. 12, 2013) ..................................... 14, 15

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................... 6, 7, 16

*CAP Co., Ltd. v. McAfee, Inc.*,
    2015 WL 3945875 (N.D. Cal. June 26, 2015) ......................... 16, 18, 19, 20

*Central Delta Water Agency v. United States*,
    306 F.3d 938 (9th Cir. 2002) .................................................................. 10

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
    246 F.3d 1336 (Fed. Cir. 2001) .............................................................. 17

*DSU Med. Corp v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir, 2006) .............................................................. 19

*Fortinet, Inc. v. FireEye, Inc.*,
   2014 WL 4955087 (N.D. Cal. Sept. 30, 2014) .......................................................17

*Foster v. Hallco Manufacturing Co.*,
   947 F.2d 469 (Fed. Cir. 1981).......................................................................7, 13

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
   782 F. Supp. 2d 868 (N.D. Cal. 2011) ...........................................................18

*FuzzySharp Techs. Inc. v. Nvidia Corp.*,
   2013 WL 4766877 (N.D. Cal. Sep. 4, 2013) ....................................................6

*Gary Fong, Inc. v. Halton*,
   158 F. Supp. 2d 1012 (N.D. Cal. 2011) .........................................................13

*Glitsch, Inc. v. Koch Engineering Co., Inc.*,
   216 F.3d 1382 (Fed. Cir. 2000).................................................................7, 8, 9

*Global-Tech. Appliances, Inc. v. SEB SA*,
   131 S. Ct. 2060 (2011) .................................................................................19

*Graves v. Johnson*,
   179 Mass. 53 (1901) (Holmes, J.) .................................................................19

*Gustavson v. Wrigley Sales Co.*,
   2014 WL 60197 (N.D. Cal. Jan. 7, 2014) ........................................................1

*Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*,
   2010 WL 4448824 (D. Haw. Oct. 29, 2010)...................................................11

*i4i Ltd. Partnership v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010)........................................................................20

*Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*,
   2013 WL 10448869 (N.D. Cal. Oct. 22, 2013)........................................... *passim*

*Lacey v. Maricopa County.*,
   693 F.3d 896 (9th Cir.2012) (en banc).............................................................1

*Logic Devices, Inc. v. Apple, Inc.*,
   2014 WL 60056 (N.D. Cal. Jan. 7, 2014) ............................................14, 16, 18

*Mack v. Kuckenmeister*,
   619 F.3d 1010 (9th Cir. 2010).........................................................................6

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
   58 F.3d 616 (Fed. Cir. 1995)..........................................................................11

*MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005).......................................................................17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) .................................................................................................19

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) .....................................................................................6

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
  2014 WL 32157 (C.D. Cal. Jan. 6, 2014) ...............................................................15

*Nystrom v. Trex Company*,
  580 F.3d 1281 (Fed. Cir. 2009) ................................................................10, 11, 13

*PageMelding, Inc. v. ESPN, Inc.*,
  2012 WL 1534844 (N.D. Cal. April 30, 2012) ........................................................13

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013) ...............................................................................17

*Power Integrations v. Lee*,
  797 F.3d 1318 (Fed. Cir. 2015) ...............................................................................15

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) .........................................................................14, 15

*Single Chip Systems Corp. v. Intermec IP Corp*,
  495 F. Supp. 2d 1052 (S.D. Cal 2007) ...............................................................10, 12

*Superior Indus., LLC v. Thor Global Enterprises Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012) ............................................................................6, 18

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
  785 F.3d 625 (Fed. Cir. 2015) .................................................................................19

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
  474 F.3d 1298 (Fed. Cir. 2007) ...............................................................................13

**STATUTES**

35 U.S.C. § 271(b) .............................................................................................................16

1

**NOTICE OF MOTION**

2      PLEASE TAKE NOTICE that, on April 8, 2016, at 9:00 a.m., or as soon thereafter as the

3 matter may be heard, in the courtroom of the Honorable Maxine M. Chesney, of the United States

4 District Court for the Northern District of California, Courtroom 7, 450 Golden Gate Avenue, San

5 Francisco, Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor

6 Corporation, and Fairchild (Taiwan) Corporation (collectively "Fairchild") will and hereby do

7 move this Court to dismiss the First Amended Complaint ("Amended Complaint") of Plaintiff

8 Power Integrations, Inc. ("PI") in the entirety.[1]  Fairchild moves to dismiss the Amended

9 Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as set forth in the Memorandum

10 of Points and Authorities below.

11

**MEMORANDUM OF POINTS AND AUTHORITIES**

12 **I.     INTRODUCTION**

13      PI's Amended Complaint should be dismissed for three distinct reasons: (1) the

14 allegations in the First Cause of Action constitute an improper collateral attack on this Court's

15 Order in a co-pending litigation; (2); the allegations in the First Cause of Action violate the bar

16 against claim splitting; and (3) the allegations in First and Second Causes of Action (including

17 paragraphs 19-23 and 32-36) fail to state a claim for relief for direct, indirect and willful

18 infringement as required by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

19      First, by this lawsuit, PI attempts to circumvent this Court's ruling in *Power Integrations,*

20 *Inc. v. Fairchild Semiconductor International, Inc.*, Case No. C 09-5235-MMC ("*Fairchild IV*")

21 on U.S. Patent No. 6,212,079 ("the '079 patent").  In the co-pending litigation, the Court found

22 that PI failed to comply with the Patent Local Rules and, as a result, precluded PI from litigating

23 infringement allegations against some of the very same products being accused in this case.  The

24

25 ———————————
[1] PI's Amended Complaint (Dkt. 30) supersedes the Original Complaint (Dkt. 1) rendering the
Original Complaint "without legal effect."  *Gustavson v. Wrigley Sales Co.*, 2014 WL 60197, at
26 *3, n. 2 (N.D. Cal. Jan. 7, 2014) ("The Ninth Circuit has long held that 'an amended complaint
supercedes [sic] the original complaint and renders it without legal effect,' *Lacey v. Maricopa*
27 *Cnty.*, 693 F.3d 896, 927 (9th Cir.2012) (en banc), and that a defendant is entitled to challenge an
amended complaint in its entirety.")  As such, instead of filing a reply brief in support of its
original Motion to Dismiss (Dkt. 25), Fairchild moves this Court to dismiss PI's Amended
28 Complaint.

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1    Court should dismiss PI's '079 patent infringement claim as an impermissible collateral attack on

2    this Court's previous Order.[2]  When a party receives an adverse ruling with which it disagrees,

3    several procedural options exist for challenging the ruling, such as a motion for reconsideration or

4    an appeal.  Filing a new lawsuit that directly contradicts the Order is not among them.  If a party

5    could simply file a new lawsuit to recapture contentions that were excluded under the Patent

6    Local Rules, the rules would serve no purpose.

7         Second, claim splitting law also prohibits PI's '079 patent infringement claim.  The claim

8    splitting doctrine requires a plaintiff to raise in a single lawsuit all grounds of recovery arising

9    from a single transaction or series of transactions that can be brought together.  In the patent

10   infringement context, courts apply the claim splitting doctrine to prevent a party from bringing a

11   second action to assert claims or products that are the same as, or essentially the same as,

12   products that are excluded from a first action.  PI already has a pending case asserting the '079

13   patent against Fairchild, and PI has repeatedly stated that its infringement theories for the models

14   it seeks to accuse in this case are the same as the products being litigated in *Fairchild IV*.  Thus,

15   this claim is duplicative of PI's infringement allegations of the '079 patent in *Fairchild IV* and

16   should be dismissed as improper claim splitting.

17        Third, PI's claims for direct infringement, willful infringement, induced infringement, and

18   contributory infringement fail to properly plead sufficient facts.  As such, PI's Amended

19   Complaint fails to meet the Supreme Court's minimum pleading standards, which reject

20   allegations—like those pled by PI—that are mere "conclusion[s] couched in factual allegations."

21   *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

22   Dismissing PI's claims will not only comport with the Supreme Court's directives, but will also

23   conserve judicial and party resources by eliminating claims (if PI is unable to amend its claims to

24   meet the Supreme Court's standards), or focusing PI's claims on the relevant facts and issues (if

25   ─────────────────────
     [2] During the damages retrial in *Fairchild IV*, Fairchild mentioned a collateral estoppel issue in this
26   case in passing.  *Fairchild IV* Retrial Tr. at 1066:21-79:9.  To be clear, the collateral estoppel
     mentioned there related to issue preclusion, a wholly separate and distinct contention from the
27   *claim* preclusion associated with wrongful collateral attacks on prior rulings.  During the
     colloquy, the Court presciently observed that it had issued "an order saying you [PI] can't
28   shoehorn those claims into this case."  Ironically, PI now wrongly attempts to "shoehorn" the
     same products and infringement theories into a new case.  This the law plainly precludes.

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1   PI can meet those standards).  Having failed to meet the basic pleading requirements, PI's First

2   and Second Causes of Action should be dismissed.

3   **II.      FACTUAL BACKGROUND**

4         PI filed a prior litigation against Fairchild on November 4, 2009, alleging infringement of

5   the '079 patent among other patents.  *Fairchild IV*, Dkt. 1.  In that case, PI served four rounds of

6   infringement contentions: initial infringement contentions on March 22, 2010; first supplemental

7   infringement contentions on July 16, 2010; second supplemental infringement contentions on

8   February 22, 2012; and third supplemental infringement contentions on November 16, 2012.

9   *Fairchild IV*, Dkt. 248 at 2:20-23; *Fairchild IV*, Dkt. 251, Ex. 18.  In its contentions, PI generally

10   referred to the accused products as "power supply controller products that include what

11   Defendants characterize as 'Green-Mode' functionality, or other substantially similar

12   functionality" as infringing claims of the '079 patent.  *Fairchild IV*, Dkt. 248 at 3:2-10; *Fairchild*

13   *IV*, Dkt. 251, Ex. 18.  PI's infringement contentions failed to identify the FAN301UL,

14   FAN301HL, FAN501, or SMC0517MX products even though these products were released as

15   early as 2010.

16         Thereafter, on July 19, 2013, PI served its expert report on infringement signed by Dr.

17   Arthur W. Kelley.  Dr. Kelley's report included infringement contentions for the FAN301UL,

18   FAN301HL, FAN501, and SMC0517MX for the '079 patent without PI seeking leave to amend

19   its infringement contentions.  *Fairchild IV*, Dkt. 248 at 3:19-27; *Fairchild IV*, Dkt. 251, Ex. 5.

20         On September 27, 2013, Fairchild filed a motion to strike PI's infringement allegations for

21   the FAN301UL, FAN301HL, FAN501, and SMC0517MX products for failing to timely disclose

22   them under Patent Local Rule 3-1.  *Fairchild IV*, Dkt. 248.  In opposition to Fairchild's motion,

23   PI stated that "all of the accused products [in PI's infringement contentions], including the

24   identified FAN301, FAN302HL and FAN302UL, share the same Accused Instrumentality, and

25   the contentions provide a complete analysis of the representative product."  *Fairchild IV*, Dkt.

26   276 at 8:5-6.  PI stated that the identified Fairchild product SG5841J was representative of the

27   FAN301UL, FAN301HL, FAN501, or SMC0517MX products as they all share the same relevant

28   accused circuitry.  *Fairchild IV*, Dkt. 276.  PI further stated that any differences between the

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1    SG5841J product and the FAN301UL, FAN301HL, FAN501, or SMC0517MX products were

2    "purely semantic." *Fairchild IV*, Dkt. 276 at 9:5.  Additionally, PI stated that the "'VS' pin in

3    FAN301 and FAN302 series products performs the same frequency variation function using the

4    same type of internal circuitry as the representative SG5841J, and thus is not materially different

5    from the representative SG5841J with its 'FB' pin" and that the Green Mode circuit blocks in the

6    FAN301UL, FAN301HL, FAN501, or SMC0517MX products were "substantially the same

7    circuitry and infringe for the same reasons as the SG5841J." *Fairchild IV*, Dkt. 276 at 9:18-19.

8    Furthermore, PI again stated that the FAN501 and SMC0517MX "are essentially the same as the

9    FAN302HL/UL products" of which the SG5841J is representative. *Fairchild IV*, Dkt. 276 at

10   9:26-27.

11        At the hearing on Fairchild's motion to strike, the Court stated, "it seemed to me that they

12   knew about them early enough to move to amend and add them to the infringement contentions or

13   claim chart.  Dr. Kelley's report, which is dated, I believe, July this year, had accused all four, so

14   everyone knew by then.  And, in fact, I think Power Integrations got schematics at least for some

15   of those by June 19." *Fairchild IV*, Dkt. 352 (11/21/2013 Hearing Tr.) at 38:22-39:3.  The Court

16   also noted that "[i]f that is the case and I accept that, then this is a new item that could have been

17   amended to be added earlier and probably should have been if one were going to be timely."

18   *Fairchild IV*, Dkt. 352 (11/21/2013 Hearing Tr.) at 45:13-15.

19        On November 26, 2013, the Court struck PI's infringement contentions relating to the

20   FAN301UL, FAN301HL, FAN501, and SMC0517MX products as untimely under Patent Local

21   Rule 3-1.  Specifically, the Court held:

22        ***For the reasons discussed on the record at the hearing***, the Court
          finds ***Power Integrations was aware of its infringement***
23        ***contentions as to the four newly disclosed Burst-Green Mode***
          [FAN301UL, FAN301HL, FAN501, and SMC0517MX] ***products***
24        ***at a point in the litigation at which its [sic] could have filed a***
          ***timely motion to amend but did not do so at that time or at any***
25        ***time thereafter***. *See* Patent L.R. 3-1(b) (requiring "[e]ach product,
          device, and apparatus" to be "identified by name or model number,
26        if known"); Patent L.R. 3-6 (allowing amendment "upon a timely
          showing of good cause," including "[r]ecent discovery of
27        nonpublic information"). With respect to the VS pin and the DET
          pin, Power Integrations has not met its burden of showing said
28        pins, and infringement theories based thereon, are effectively

FAIRCHILD'S MOTION TO DISMISS
                                            CASE NO. 3:15-CV-04854-MMC

1
2
3

disclosed by other information included in its infringement contentions. See Patent L.R. 3-1(c) (requiring "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality").

4   *Fairchild IV*, Dkt. 346 at 1:26-2:9 (emphasis added).  In February 2014, PI proceeded to trial

5   without the FAN301UL, FAN301HL, FAN501, and SMC0517MX products.

6   On June 11, 2015, PI's technical expert, Dr. Kelley served an expert report for the

7   damages retrial in *Fairchild IV* attempting to reaffirm the excluded opinions.  Specifically, Dr.

8   Kelley stated "I reiterate my opinion that the products developed for Apple/Samsung cell phone

9   chargers, including the FAN302HL/UL, FAN301HL/UL and the SMC0517MX and FAN501 all

10  infringe the '079 patent for the reasons set forth in my original report.  That opinion would extend

11  to any products with similar circuitry for frequency reduction." *Fairchild IV*, Dkt. 709, Ex. A at

12  ¶ 66.  PI has thus at all times maintained the exact same infringement theory for these products in

13  both *Fairchild IV* and *Fairchild VI*.

14  On October 21, 2015, PI filed the Original Complaint in this case ("*Fairchild VI*"), which

15  again asserts the '079 patent against Fairchild in addition to U.S. Patent No. 6,249,876

16  (hereinafter referred to as "the '876 patent").  Dkt. 1.  On February 25, 2016, PI filed its Amended

17  Complaint.[3]  Dkt. 30.  By its own admission in the Amended Complaint, every product identified

18  in the *Fairchild VI* Complaint is the same or substantially the same as the products excluded by

19  the Court's Order in *Fairchild IV* striking PI's untimely infringement contentions.  Thus, PI's

20  allegation of infringement of the '079 patent in *Fairchild VI* is an improper attempt to avoid this

21  Court's Order in *Fairchild IV*.

22  PI's Amended Complaint in this case also alleges, with no factual support, that Fairchild

23  directly and willfully infringes the '079 and '876 patents, as well as induces and/or contributes to

24  other's infringement of the asserted patents.

25
26

---

[3] PI added additional products to the Amended Complaint.  Nowhere does PI allege that it was

27  unaware of these products during *Fairchild IV*, nor could it, because PI possessed information about many if not all of these products.  Nevertheless, as alleged by PI, the products contain the

28  same allegedly infringing technology.

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1      **III.    LEGAL STANDARD**

2              A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  A

3      court should dismiss a complaint where it fails to contain "enough facts to state a claim to relief

4      that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678.  In

5      ruling on a 12(b)(6) motion to dismiss, a court may consider facts subject to judicial notice, such

6      as matters of public record and prior court proceedings.  *Mack v. Kuckenmeister*, 619 F.3d 1010,

7      1014 n.1 (9th Cir. 2010); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Therefore, this

8      Court may properly take judicial notice of PI's representations made in its papers filed in

9      *Fairchild IV*, including PI's representations that it is presenting the same infringement theory for

10     the products in this case as the products at issue in *Fairchild IV*.

11             In ruling on a 12(b)(6) motion, a court need not, however, credit bald assertions or legal

12     conclusions.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 970-72 (9th Cir. 2009) (granting

13     motion to dismiss when the complaint contained facts rendering the allegations possible but not

14     plausible).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual

15     enhancement." *Iqbal*, 556 U.S. at 678.  Wholly conclusory claims cannot survive a challenge

16     under Rule 12(b)(6) because the "non-conclusory 'factual content,' and reasonable inferences

17     from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*,

18     572 F.3d at 969.  In the context of a Rule 12(b)(6) motion, "threadbare recitals of the elements of

19     a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

20     663-64 (finding that allegations of complaint amounted to "nothing more than a 'formulaic

21     recitation of the elements' of" the asserted claim and thus were "not entitled to be assumed true")

22     (quoting *Twombly*, 550 U.S. at 555-56); *see also Superior Indus., LLC v. Thor Global Enters.*

23     *Ltd.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) ("[T]he pleading requirements set forth in

24     *Twombly* and *Iqbal* apply to…claims [of indirect infringement].") (internal citations omitted);

25     *FuzzySharp Techs. Inc. v. Nvidia Corp.*, 2013 WL 4766877, *2 (N.D. Cal. Sep. 4, 2013) ("claims

26     for willful infringement are governed by the standards in *Iqbal* and *Twombly*").

27             Legal conclusions may "provide the framework of a complaint," but they "must be

28     supported by factual allegations." *Iqbal*, 556 U.S. at 679.  The Court must dismiss claims totally

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1  devoid of factual allegations because they do not "raise a right to relief above the speculative

2  level." *Twombly*, 550 U.S. at 555-56.[4]

3  **IV.    ARGUMENT**

4        **A.    PI's Allegations of Infringement of the '079 Patent Are an Impermissible
             Collateral Attack on This Court's Ruling in *Fairchild IV***

5

6        PI's allegations of infringement of the '079 patent constitute an improper collateral attack

7  on the Court's prior Order excluding these same products in *Fairchild IV*.  On November 26,

8  2013, the Court struck PI's untimely infringement allegations for certain products being accused

9  of infringement once again in this case because PI failed to comply with Patent Local Rule 3-1.[5]

10 PI's '079 patent infringement allegations in this litigation circumvent this Court's Order by

11 attempting to re-litigate infringement claims previously struck by this Court.  This collateral

12 attack is impermissible as a matter of law.

13       It is black letter law that a party cannot file a new lawsuit to effectively negate an existing

14 Court order.  *Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*, 2013 WL 10448869, at

15 *2 (N.D. Cal. Oct. 22, 2013); *Glitsch, Inc. v. Koch Eng'g Co., Inc.*, 216 F.3d 1382, 1384 (Fed.

16 Cir. 2000) ("Glitsch was not entitled to use a declaratory judgment action to collaterally attack the

17 district court's order in the first action denying Glitsch's motion to amend its answer).

18 Courts further recognize that the proper course of action for a losing party is to appeal the

19 underlying ruling, not to file a new action.  For example, in *Glitsch*, the Federal Circuit affirmed a

20 district court's dismissal of a second case brought by a defendant in a patent infringement action

21

22 [4] The Amended Complaint must comply with the amendments to the Federal Rules of Civil
   Procedure that took effect on December 1, 2015, including the abrogation of Rule 84 that stated
23 "the forms in the Appendix suffice under these rules."  As a result, bare-bones patent complaints
   under Form 18 are insufficient and direct infringement allegations must comply with the Supreme
24 Court's *Iqbal* and *Twombly* precedents.
   [5] PI's Original Complaint alleged infringement with regard to four Fairchild products excluded by
25 this Court in *Fairchild IV*.  Recognizing this fatal mistake, PI's Amended Complaint adds
   contentions against 14 additional products.  This amendment, however, fails to save PI from
26 claim splitting or claim preclusion, as the newly accused devices are "essentially the same" as the
   prior products with regard to PI's infringement contentions.  *Foster v. Hallco Mfg. Co.*, 947 F.2d
27 469, 480 (Fed. Cir. 1981) (announcing the "essentially the same standard" and remanding to
   district court for claim preclusion analysis where new version of product was produced years after
28 initial action concluded).

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1   to present the same claims that were disallowed in the first action. 216 F.3d at 1384. The Federal

2   Circuit held:

> Glitsch unsuccessfully sought to raise its defense in the first action,
> and it now contends that it may raise the same legal claim in the
> second action because the district court was wrong when it barred
> Glitsch from raising that claim as a defense in the first case. There
> is, however, a strong and sensible policy against such a tactic.
> When a court enters an order that a party does not like, the party's
> recourse is to seek relief on appeal; it is not appropriate for the
> party to contest the court's order by filing a new action seeking a
> declaratory judgment challenging the court's ruling in the first
> case.

9   *Id*. PI's allegations of infringement of the '079 patent in this case, like the defendant in *Glitsch*,

10  are an improper collateral attack on the Court's Order in *Fairchild IV*.

11          PI's claims in this new lawsuit are deficient for reasons similar to the rationale supplied in

12  *Icon II*, where the court dismissed a second lawsuit as being an improper collateral attack on the

13  court's prior ruling excluding products untimely injected into that case. In *Icon I,* a plaintiff

14  sought to add 49 models to its infringement contentions nearly a year after the filing of its

15  complaint. 2013 WL 10448869, at *1. The district court barred the additional products from

16  being added, finding that Icon possessed information about the infringing features of the 49

17  models prior to the deadline for serving its infringement contentions and that it could have

18  discovered additional information. *Id.* at 4. The district court in *Icon II* granted a motion to

19  dismiss, finding that a separate lawsuit would result in consolidation of the two actions,

20  undermining the Court's earlier order excluding the products at issue. *Id*. at *4.

21          PI's allegations in this case similarly amount to an improper collateral attack on the

22  Court's prior ruling. PI's allegations are more egregious, however, as PI did not even seek leave

23  to amend its contentions in *Fairchild IV*. Instead, PI attempted to shoehorn these untimely

24  allegations into its expert's report without seeking leave to amend. PI knew of the products

25  accused in this case at a time when they could have, and should have, amended their infringement

26  contentions in *Fairchild IV*. *Fairchild IV*, Dkt. 352 (11/21/2013 Hearing Tr.) at 38:22-39:3. The

27  additional products that PI attempts to introduce through its Amended Complaint do not change

28  the analysis, as PI alleges in the Amended Complaint that the infringing technology in the new

1    products "is the same as or substantially similar to the corresponding circuitry in the controller

2    chips previously found to infringe…."  Dkt. 30 at ¶ 23.  As this Court held in its Order excluding

3    these products in *Fairchild IV*, "the Court finds **Power Integrations was aware of its**

4    **infringement contentions as to the four newly disclosed Burst-Green Mode** [FAN301UL,

5    FAN301HL, FAN501, and SMC0517MX] **products at a point in the litigation at which its [sic]**

6    **could have filed a timely motion to amend but did not do so at that time or at any time**

7    **thereafter**."  *Fairchild IV*, Dkt. 346 at 1:26-2:9 (emphasis added).

8         PI's prior knowledge of the accused functionality aligns this case with the holding of *Icon*

9    *II* and equity thus requires the Court to dismiss the '079 patent from this new lawsuit.  *See Adobe*

10   *Sys. Inc. v. Wowza Media Sys., LLC*, 72 F.Supp.3d 989, 993 (N.D. Cal. 2014).  The *Adobe* case is

11   instructive.  There, Judge Tigar denied a motion to dismiss based on collateral attack grounds in a

12   situation where the order in the first case "*never found that Adobe had notice of Wowza's alleged*

13   *infringement*" at the time infringement contentions were served.  *Id.*  At the same time, however,

14   the Court acknowledged that equities favor dismissal where a party, like PI here, possessed

15   information used in second lawsuit at the time of the circumvented order in first lawsuit.  *Id.*

16   Judge Tigar's rationale in *Adobe* thus further supports granting Fairchild's motion to dismiss

17   here.

18        While PI may disagree with the Court's Order excluding these products, its proper

19   recourse is to appeal that decision—not to file a new lawsuit.  *Icon*, 2013 WL 10448869, at *2;

20   *Glitsch, Inc.*, 216 F.3d at 1384.  If PI required immediate relief from the Court's Order, then PI

21   should have moved for reconsideration or sought an immediate appeal.  PI's failure to follow a

22   proper procedural recourse does not somehow insulate its claims in the Amended Complaint.  As

23   a result, PI's allegations regarding the '079 Patent should be dismissed.

24        **B.    PI's Allegations of Infringement of the '079 Patent Are Barred By the**
              **Prohibition on Claim Splitting**
25

26        PI is separately precluded from raising its claim of infringement of the '079 patent in this

27   new case under the claim splitting doctrine.  The claim splitting doctrine is a subspecies of claim

28   preclusion that bars a second action where: '(1) the same parties, or their privies, were involved in

1  the prior litigation, (2) the prior litigation involved  the same claim or cause of action as the later

2  suit, and (3) the prior litigation was terminated by a final judgment on the merits."  *Central Delta*

3  *Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002)).

4      Here, the first and third prongs of preclusion under claim splitting are clearly met.  The

5  first prong is met, as the parties in this case are identical to the parties in *Fairchild IV*.  The third

6  prong is also met, as "what is required in the context of a claim splitting analysis is to ***assume*** that

7  the first suit was final, and then determine if the second suit could be precluded."  *Single Chip*

8  *Sys. Corp. v. Intermec IP Corp*, 495 F. Supp. 2d 1052, 59 (S.D. Cal 2007) (emphasis in original).

9  Here, the '079 patent was previously asserted in *Fairchild IV*, and that litigation resulted in a final

10  jury verdict.  As such, there can be no dispute that the first and third prongs of the claim splitting

11  analysis are met.

12      The second prong of the claim splitting analysis is met by PI's repeated allegations in the

13  Amended Complaint that the infringing technology in *all of the accused Fairchild products*

14  contain the "same or substantially similar" circuitry as the infringing products previously found to

15  infringe the '079 patent in *Fairchild IV*.  *See, e.g.* Dkt. 30 at ¶ 23.  The Federal Circuit addressed

16  this very issue in *Nystrom v. Trex Company,* ultimately holding that newer versions of previously

17  accused devices are "essentially the same" and cannot be challenged for infringement in a

18  subsequent action if they are materially unchanged with respect to the plaintiff's infringement

19  contentions. 580 F.3d 1281, 1285 (Fed. Cir. 2009) (citing *Foster*, 947 F.2d at 480).  "Accused

20  devices are 'essentially the same' where the differences between them are merely 'colorable' or

21  'unrelated to the limitations in the claim of the patent.'"  *Acumed LLC v. Stryker Corp.*,

22  525 F.3d 1319, 1324 (Fed. Cir. 2008) (citing *Foster*, 947 F.2d at 480).  Under this standard,

23  differences between products do not prevent them from being "essentially the same" unless the

24  differences are pertinent to infringement.  Here, the "essentially the same" standard is met by PI's

25  own repeated representations in *Fairchild IV* and in the Amended Complaint of this case that the

26  products it seeks to accuse of infringement here are "the same" and that any differences are

27  "purely semantic."  *Fairchild IV*, Dkt. 276 at 9:5.  Based on PI's repeated assertions that the

28  products at issue in this case have substantially the same infringing technology as the technology

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1  found to infringe in *Fairchild IV*, the second prong of the claim splitting analysis laid out in

2  *Nystrom* is clearly met.[6]

3      The law is clear that Fairchild's statements concerning the dissimilarity of the products

4  have no bearing on a claim splitting determination, as PI's clear allegations in the Amended

5  Complaint are dispositive.  As *Nystrom* and its progeny make clear, PI's contentions in this suit

6  cannot be saved by Fairchild's belief that these products do not infringe the '079 patent or that

7  PI's timely infringement contentions in *Fairchild IV* failed to provide adequate support for its

8  allegations of infringement.  Instead, PI is bound by its previous assertions that the products at

9  issue in this case are "identical" or the "same" under claim preclusion.  *Nystrom*, 580 F.3d at

10  1286; *see also Icon*, 2013 WL 10448869, at *4 ("That [defendant] Specialized previously argued

11  that the models at issue are from different product families than the original models does not

12  affect this conclusion, because a product need not be from the same product family to meet the

13  'essentially the same' standard."); *Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, 2010 WL

14  4448824, at *4 (D. Haw. Oct. 29, 2010) (dismissing second suit as barred by res judicata where

15  the patentee's own assertions established that the accused product in the second suit was

16  essentially the same as the accused product in a first suit).  Therefore, the doctrine of claim

17  splitting bars PI's allegations of infringement in this case.

18      "It is well established that a party may not split a cause of action into separate grounds of

19  recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a

20  single lawsuit all the grounds of recovery arising from a single transaction or series of

21  transactions that can be brought together."  *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58

22  F.3d 616, 619 (Fed. Cir. 1995); *see also Adams v. California Dept. of Health Servs.*, 487 F.3d

23  684, 688 (9th Cir. 2007) (applying claim splitting doctrine to affirm dismissal with prejudice of a

24  _____

25  [6] Additionally, the generic language of PI's Amended Complaint further shows that claim
preclusion (*i.e.*, res judicata) applies to bar PI's First Cause of Action.  PI alleges that ***not only*** the
specific products named in the Amended Complaint infringe the '079 patent, ***but also that*** "all
26  products within the same or similar product families, and all product families having the same or
substantially similar infringing functionalities…" infringe.  Dkt. 30 at ¶ 19.  Given this broad
27  language and PI's repeated accusations that the products in this second lawsuit are the same to the
products in the first lawsuit, this case necessarily involves technology tried to a jury in the first
28  lawsuit.  Claim preclusion thus bars PI's '079 patent infringement allegations.

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1    second action that the plaintiff filed "in an attempt to avoid the consequences of her own delay

2    and to circumvent the district court's denial of her untimely motion for leave to amend her first

3    complaint").  "The main purpose behind the rule preventing claim splitting is to protect the

4    defendant from being harassed by repetitive actions based on the same claim." *Single Chip*, 495

5    F. Supp. 2d at 1058.

6         Allowing PI to proceed with these allegations of infringement in this case would only

7    serve to "contravene the preclusion principles discussed above and would undermine the spirit

8    and purpose of the Patent Local Rules." *Icon*, 2013 WL 10448869, at *4.  Any alleged prejudice

9    to PI is the "direct result of its own lack of diligence."  *Id.*  PI's allegations of discovery abuse

10   were already raised in opposition to Fairchild's motion to exclude in *Fairchild IV* and were

11   rejected, as Fairchild produced all requested documents and "Power Integrations was aware of its

12   infringement contentions as to the four newly disclosed Burst-Green Mode [FAN301UL,

13   FAN301HL, FAN501, and SMC0517MX] products at a point in the litigation at which its [sic]

14   could have filed a timely motion to amend but did not do so at that time or at any time thereafter."

15   *Fairchild IV*, Dkt. 346 at 1:26-2:9.  As such, PI cannot claim that discovery delays in *Fairchild IV*

16   permit the infringement claim in this lawsuit.  *See Icon*, 2013 WL 10448869, at *4 ("[T]hat

17   Specialized did not produce discovery in *Icon I* pertaining to the models at issue also is

18   irrelevant" when accused infringer objected to producing discovery in *Icon I*).  In short, PI was

19   aware of these products at a time in *Fairchild IV* when it could have sought leave to amend its

20   infringement contentions, but failed to do so.  *Fairchild IV*, Dkt. 346 at 1:26-2:9.  PI is thus

21   barred from reasserting its recycled claim of infringement in this case.

22        Finally, PI's infringement allegations in this case cannot be saved by any alleged "new

23   transactions" involving the accused products that may have occurred after the Court's ruling in

24   *Fairchild IV*.  Specifically, PI possesses no new rights at issue in this case that were not

25   adjudicated in *Fairchild IV*.  Indeed, PI has not suggested that any of the green mode

26   functionality accused in this case is substantially different from the technology accused in

27   *Fairchild IV*.  This distinguishes the situation here from *Aspex Eyewear, Inc. v. Marchon*

28   *Eyewear, Inc.,* 672 F.3d 1335 (Fed. Cir. 2012), where the Federal Circuit authorized a follow-on

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1  suit based on "new acts of infringement." *Id.* at 1342.  Magistrate Judge Grewal explained this

2  distinction clearly in *Adaptix, Inc. v. Amazon.com, Inc.*, noting that "[t]hose patent property

3  rights—even in the face of new acts of infringement–do not change."  2015 WL 4999944, at *8

4  (N.D. Cal. Aug. 21, 2015).  *Adaptix* explained in clear terms that the *Aspex Eyewear* case had not

5  changed the established law of *Nystrom*.  Indeed, Magistrate Judge Grewal there issued an order

6  barring claims against newer versions of products that were "essentially the same" as products

7  previously barred, explaining that "[t]his is ***exactly*** what the doctrine of claim preclusion seeks to

8  ***prohibit***."  *Id*. (emphasis added).  The same logic applies here and the Court should dismiss PI's

9  '079 patent infringement claim in this case as improper claim splitting.[7]

10        **C.      PI's Amended Complaint Fails to State a Claim for Direct Infringement**

11             PI's Amended Complaint fails to allege facts sufficient to support a claim for direct

12  infringement of either the '079 or the '876 patents, mandating that these allegations be struck.

13             To support a claim for direct infringement, PI must plead facts sufficient to show that

14  Fairchild's accused products directly infringe the claims of the asserted patents.  *Addiction &*

15  *Detoxification Institute LLC. v. Carpenter*, 620 F. App'x 934, 937-38 (Fed. Cir. 2015)

16  (nonprecedential); *PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 1534844, at *2-*3 (N.D. Cal. Apr.

17  30, 2012).  PI's Amended Complaint fails to state which features of Fairchild's accused products

18  are alleged to infringe each of the claim limitations.  Instead, PI's Amended Complaint merely

19  states that the "green mode" and "frequency hopping" features are "covered by" the '079 and

20  '876 patent claims. Dkt. 30 at ¶¶ 20, 33.  However, PI is required to provide ***facts*** that support

21  ***how*** the accused products infringe PI's '079 and '876 patents.  *PageMelding*, 2012 WL 1534844,

22  at *2-*3 ("Just because defendant creates an end product similar to that created by plaintiff's

23  patent does not give rise to a reasonable inference of infringement.  Plaintiff's pleading approach

24  ───────────────

[7] There is no support in the law for any argument that improper claim preclusion only applies to
25  situations involving ***defeated*** plaintiffs trying to bring a second action. *Transclean Corp. v. Jiffy
    Lube Int'l, Inc.*, 474 F.3d 1298, 1307 (Fed. Cir. 2007) (holding claim preclusion barred previously
26  prevailing patentee from asserting "use" infringement claims in second case against customers of
    previously adjudged infringing manufacturer); *Gary Fong, Inc. v. Halton*, 158 F. Supp. 2d 1012,
27  1014-16 (N.D. Cal. 2011).  While it is true that the Federal Circuit has permitted prevailing
    patentees to file new allegations of infringement, this has only been authorized in circumstances
28  where the newly accused products did not include technology that was "essentially the same" as
    previously adjudicated products.  *Foster*, 947 F.2d at 480.

1   still smacks too much of 'shoot first and ask questions later.'")  Additionally, Fairchild's

2   manufacturing of controller chips cannot directly infringe the claims in the '079 and '876 patents,

3   as these claims require a ***power supply with a switch or transformer***.  Dkt. 30, Ex. B and Ex. C.

4   PI offers no factual support for its bare allegations that Fairchild "offer for sale, import into,

5   and/or sell in the United States, complete power supply devices, including 'demonstration

6   boards,' that contain an infringing power supply controller chip in combination with a power

7   switch in accordance with the claims of the '079 patent."  Dkt. 30 at ¶ 20.  And in any event, no

8   such instances are identified with any level of particularity.  As such, PI's Amended Complaint

9   fails to identify sufficient facts to put Fairchild on notice as to what activity is alleged to directly

10  infringe the specific asserted claim limitations and must be dismissed.

11          **D.      PI's Amended Complaint Fails to State a Claim for Willful Infringement**

12          PI's Amended Complaint fails to allege facts sufficient to support a claim for willful

13  infringement, mandating that these allegations be struck.

14          To support a claim for willful infringement, PI must plead facts plausibly showing that:

15  (1) Fairchild had pre-suit knowledge of the asserted patents; (2) Fairchild "acted despite an

16  objectively high likelihood that its actions constituted infringement of a valid patent"; and (3) the

17  risk was "known or so obvious that it should have been known" to Fairchild.  *In re Seagate Tech.,*

18  *LLC*, 497 F.3d 1360, 1371, 1374 (Fed. Cir. 2007).  Courts dismiss willful infringement

19  allegations that lack facts showing that an accused infringer acted despite an "objectively high

20  likelihood" of infringing a valid patent.  *Seagate*, 497 F.3d at 1371; *see also Bascom Research*

21  *LLC v. Facebook, Inc.*, 2013 WL 968210, at *6 (N.D. Cal. Mar. 12, 2013) (dismissing willful

22  infringement claim because "the complaint does not allege any facts that could give rise to an

23  inference that [the defendant] knew or should have known it was acting despite an objectively

24  high likelihood of infringement"); *Logic Devices, Inc. v. Apple, Inc.*, 2014 WL 60056, at *3 (N.D.

25  Cal. Jan. 7, 2014) (explaining that the defendant's "bald complaint" was "devoid" of an allegation

26  that the plaintiff knew or should have known of an "objectively high risk of infringing a valid

27  patent").

28

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1    Here, PI's allegations of willful infringement must be dismissed as the Amended

2    Complaint does not provide any facts to support an allegation that Fairchild acted despite an

3    "objectively high likelihood" of infringing a valid patent.  Instead, PI's Amended Complaint

4    makes general references to unrelated prior litigations that fail to provide any factual support for

5    an allegation of willfulness ***in this case***.  Specifically, PI's Amended Complaint references prior

6    litigations that: (1) involve other patents; (2) did not involve the products asserted here; and (3)

7    found Fairchild's litigation defenses objectively reasonable, thus negating any potential finding of

8    willful infringement.  Furthermore, PI's Amended Complaint fails to acknowledge relevant facts

9    which preclude willfulness from applying in this case as a matter of law.  For example, PI's

10   Amended Complaint fails to state that claims of the '876 patent are currently finally rejected in a

11   reexamination initiated by Fairchild at the U.S. Patent and Trademark Office, proving that

12   Fairchild had, and continues to have, an objectionably reasonable belief it did not infringe.  *See*

13   *generally Power Integrations v. Lee*, 797 F.3d 1318 (Fed. Cir. 2015).

14   In addition, PI fails to allege facts to show that the risk of infringing a valid patent was

15   "either known or so obvious that it should have been known" to Fairchild.  *Seagate*, 497 F.3d at

16   1371; *Bascom*, 2013 WL 968210, at *6; *MyMedicalRecords, Inc. v. Jardogs, LLC*, 2014 WL

17   32157, at *3 (C.D. Cal. Jan. 6, 2014) (explaining that the plaintiff failed to allege facts showing

18   that "the risk was known or so obvious that it should have been known to" the defendant)

19   (internal quotations omitted).  Indeed, PI's Amended Complaint fails to identify any supporting

20   facts that could support an allegation that the risk of infringing a valid patent was "either known

21   or so obvious that it should have been known" to Fairchild.  Instead, PI's Amended Complaint

22   relies on attorney argument and activity from unrelated prior litigations that cannot support a

23   claim for willful infringement in this case.  Furthermore, PI's Amended Complaint fails to state

24   any time period for its willful infringement claim.  In addition, PI's unsupported attorney

25   argument that "the accused controller chips is the same as or substantially similar to the

26   corresponding circuitry in the controller chips previously found to infringe and that such circuitry

27   was not the result of a good faith effort to design around" cannot support a claim for willful

28

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1  infringement, nor does it constitute a new cause of action for infringement.  *Adaptix*, 2015 WL

2  4999944, at *8.

3  Moreover, as PI has failed to request a preliminary injunction, it cannot allege post-suit

4  willful infringement from a prior litigation as support of willful infringement in this case.

5  "*Seagate* is crystal clear that a patentee who does not move for a preliminary injunction 'should

6  not be allowed to accrue enhanced damages based solely on' such post-filing acts." *CAP Co.,*

7  *Ltd. v. McAfee, Inc.*, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) (dismissing willful

8  infringement allegations for failing to move for preliminary injunction).

9  Because PI's Amended Complaint fails to meet at least two of the prongs required to

10  support a willfulness claim, PI's claim for willful infringement should be dismissed.

11  **E.      PI's Amended Complaint Fails to State a Claim for Indirect Infringement**

12  PI's Amended Complaint contains only vague allegations of induced and contributory

13  infringement, while the law requires facts showing specific intent.  As a result, the Amended

14  Complaint falls far short of the pleading requirements set forth in *Twombly* and *Iqbal*.  While the

15  Amended Complaint attempts to mention some of the legalese relating to inducement and

16  contributory infringement, it fails to provide any factual basis whatsoever for establishing that

17  those claims are plausible.  Such bare bones allegations fail to state a claim relief and should be

18  dismissed.

19  **1.      PI's Amended Complaint Fails to State a Claim for Induced**
   **Infringement**

20

21  To survive a motion to dismiss on induced infringement under 35 U.S.C. § 271(b), PI

22  must plead facts plausibly showing:  (1) direct infringement by a third party ; (2) that Fairchild

23  "specifically intended [its] customers to infringe the asserted patent"; and (3) that Fairchild "knew

24  that the customer's acts constituted infringement." *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,

25  2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012) ("To sufficiently plead a claim for induced

26  infringement, a patentee must allege facts to support each element."); *see also Logic Devices*,

27

28

1   2014 WL 60056, at *1 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

2   681 F.3d 1323, 1339 (Fed. Cir. 2012)).  PI's allegations fail to satisfy any of these elements.

3         First, PI fails to specifically identify any direct infringer (distributor or customer) of the

4   product made, used, sold, sold, offered for sale in the United States or imported in the United

5   States by that distributor or customer.  PI's identification of unnamed direct infringers and their

6   unidentified product offerings fails to state a rudimentary claim for inducement, fails to provide

7   any basis whatsoever for believing that those claims are plausible as the product must enter the

8   United States for infringement to occur, and cannot sustain a claim for inducement.  *Power*

9   *Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371-72 (Fed. Cir. 2013);

10  *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed.

11  Cir. 2001) ("Inducement only occurs if the party being induced directly infringes the patent.").

12        Second, PI fails to plead facts plausibly showing Fairchild had the specific intent to induce

13  infringement of the '079 and '876 patents.  Instead, PI's Amended Complaint merely includes a

14  bare, boilerplate recitation that Fairchild's everyday product promotional practices and standard

15  business indemnification terms (offered by all companies and implied in the law) somehow

16  induces customers and distributors to infringe and that "those actions are undertaken with the

17  specific intent that they will, in fact, induce direct infringement and with full knowledge that

18  Defendants' products infringe one or more claims of the '079 patent [and '876 patent] both

19  literally and under the doctrine of equivalents."  Dkt. 30 at ¶¶ 22, 35.  Because the Amended

20  Complaint does not plead any facts that could reasonably show that Fairchild had the "specific

21  intent" to induce the allegedly infringing acts by its customers or others, PI's claim for induced

22  infringement should be dismissed.  *See Fortinet, Inc. v. FireEye, Inc.*, 2014 WL 4955087, at *4-5

23  (N.D. Cal. Sept. 30, 2014) (dismissing inducement claim based on "bare allegations" that

24  "Defendant's products sold directly to consumers and through its distribution partners are

25  designed to be used (and are used by consumers and end users) in an infringing manner"); *see*

26  *also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378-79

27  (Fed. Cir. 2005) (finding general indemnification agreements do not constitute inducement,

28  unless the plaintiff shows that "the primary purpose of the agreement was to induce" the

FAIRCHILD'S MOTION TO DISMISS
CASE NO. 3:15-CV-04854-MMC

1   indemnified party to infringe the asserted patents but PI pled no such purpose here); *Avocet*, 2012

2   WL 1030031, at \*4 (dismissing induced infringement claim because "Plaintiff has not alleged any

3   facts to suggest that Defendants…had the specific intent to induce infringement"); *Fujitsu Ltd. v.*

4   *Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 892-93 (N.D. Cal. 2011) (granting motion to dismiss

5   induced infringement claim for failure to allege facts pertaining to specific intent).  PI is required

6   to plead facts in its Amended Complaint sufficient to show Fairchild possessed the specific intent

7   to induce infringement, such as specific examples of advertising the benefits of these products in

8   the United States, or specific statements made by Fairchild demonstrating an intent to induce

9   infringement of the asserted patents in the United States.  *CAP*, 2015 WL 3945875, at \*5

10  (dismissing inducement allegations as "woefully inadequate intent allegations" which "require

11  dismissal of the inducement claim").  Given PI's woefully inadequate allegations, and the total

12  lack of connection between any activity and a resulting instance of direct infringement, the Court

13  should dismiss PI's inducement claims.

14          Third, PI's Amended Complaint fails to plead any facts to plausibly show Fairchild knew

15  that the acts of unnamed "distributors and customers" constituted infringement.  *See* Dkt. 30 at

16  ¶¶ 22, 35.  PI's inducement claims should be dismissed for this reason as well.  *See Logic*

17  *Devices,* 2014 WL 60056, at \*2 (dismissing inducement claim where allegations "fail[ed] to

18  support an inference of specific intent to induce infringement and knowledge that the induced

19  actions constituted infringement"); *Superior Indus.*, 700 F.3d at 1296 (holding that the complaint

20  failed to "allege any facts to support a reasonable inference that [the defendant] specifically

21  intended to induce infringement of the [patent-in-suit] or that it knew it had induced acts that

22  constitute infringement").  PI's Amended Complaint contains no facts describing what acts

23  defendants allegedly induced, what defendants knew about those acts, or the identity of the

24  "distributors and customers" accused of directly infringing PI's patents.  PI's Amended

25  Complaint is absolutely devoid of any mention of a specific third party that allegedly

26  manufactures, sells, uses or offers for sale any of the accused products in an infringing manner.

27  As Fairchild manufactures and sells products outside the United States, PI's Amended Complaint

28  must allege facts demonstrating that Fairchild has the requisite knowledge to induce its foreign

1   customers to infringe within the United States. *Global-Tech. Appliances, Inc. v. SEB SA*, 131 S.

2   Ct. 2060, 2068 (2011).  PI's Amended Complaint includes no such allegations.  Instead, PI's

3   Amended Complaint only vaguely states Fairchild "know[s] and intend[s] that at least some of

4   the controller chips [it] sell[s] overseas will be imported into the United States by [its] customers

5   in complete power supplies covered by the claims of the '079 patent, and know[s] and intend[s]

6   that the controller chips sold directly into the U.S. and through [Fairchild's] U.S. distributors will

7   be used in the U.S. in power converters that include a power switch."  Dkt. 30 at ¶¶ 22, 35.  At

8   best, PI has pled "mere knowledge of possible infringement by others [but that] does not amount

9   to inducement; specific intent and action to induce infringement" are required particularly where,

10  as here, the Amended Complaint admits that the accused controller chips have non-infringing

11  uses (if incorporated into products sold outside United States). *Takeda Pharm. U.S.A., Inc. v.*

12  *West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015) (internal quotation marks omitted);

13  *Graves v. Johnson*, 179 Mass. 53, 57 (1901) (Holmes, J.) (knowledge that product would be

14  resold unlawfully in Maine is not enough for vicarious liability).  The allegation is wholly

15  insufficient and dooms PI's induced infringement allegations for the asserted patents. *CAP*, 2015

16  WL 3945875, at *5.

17        Finally, PI is required to identify a nexus between any alleged inducing acts by Fairchild

18  and the resulting alleged direct infringement of another.  "[I]nducement must involve the taking

19  of affirmative steps to bring about the desired result," *Global-Tech,* 131 S. Ct. at 2065, and "[t]he

20  inducer must persuade another to engage in conduct that the inducer knows is infringement," *id.*

21  at 2065.  "[M]ere knowledge of infringing potential or of actual infringing uses would not be

22  enough here to subject a distributor to liability. *Nor would ordinary acts incident to product*

23  *distribution, such as offering customers technical support or product updates, support liability in*

24  *themselves*" or a cause of action for that matter. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster,*

25  *Ltd.*, 545 U.S. 913, 937 (2005) ("*MGM*") (emphasis added).  "[S]pecific intent and action to

26  induce infringement" are required. *DSU Med. Corp v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir,

27  2006) (incorporating the *MGM* standard into patent law) (internal quotation marks omitted).  PI's

28

Amended Complaint provides no facts in plausible support of even the most basic inducement case.

### 2.    PI's Amended Complaint Fails to State a Claim for Contributory Infringement

PI also fails to allege facts sufficient to support a claim for contributory infringement. A claim of contributory infringement requires showing direct infringement by another and, among other things: (1) that the accused components have no "substantial non-infringing use"; and (2) that the accused products be "especially made or especially adapted" for an infringing use. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010). PI fails to allege facts that plausibly show the underlying direct infringement necessary for contributory infringement.

Specifically, PI fails to sufficiently plead direct infringement by any specific customer or distributor. The Amended Complaint also lacks any identification of any specific third-party product incorporating Fairchild's accused controller chips. It further fails to identify any third-party product that enters the United States. Dkt. 30 at ¶¶ 20-21. PI's allegation that "it can be inferred that Defendants are aware that the United States is the ultimate destination of many of its infringing products, as found in previous litigation" is insufficient to establish any underlying direct infringement necessary to state a claim for contributory infringement. Dkt. 30 at ¶ 21. If anything, PI's allegation establishes that Fairchild's controller chips exist outside the United States and thus have substantial non-infringing uses. In short, PI's contributory infringement allegation must be dismissed because it simply posits conclusions and pleads facts that require speculation about unnamed third parties and their unidentified products in order to support a claim for relief. *CAP*, 2015 WL 3945875, at *6 ("Here, the only statement CAP offers on the required element about substantial noninfringing uses is nothing but a bare conclusion. That does not come close to an adequate factual allegation. Although CAP need not prove that the accused products have no substantial noninfringing uses at the pleading stage, it must allege some facts that take its statements from mere lawyerly fiat to a plausible conclusion—for example, by alleging one or more infringing uses of the accused products and alleging that the products have no other uses.") (internal citations omitted).

1    **V.      CONCLUSION**

2           For the foregoing reasons, the Court should dismiss PI's First Amended Complaint in its

3    entirety as PI cannot assert infringement of the '079 patent by the products accused in this case

4    and none of the allegations in PI's First and Second Causes of Action allege sufficient facts to

5    support its allegations of direct infringement, willfulness, inducement and contributory

6    infringement.

7    Dated:  March 3, 2016                              By:  /s/ *Blair M. Jacobs*

8                                                            Blair M. Jacobs
                                                             Christina A. Ondrick
9                                                            PAUL HASTINGS LLP
                                                             875 15th Street NW
10                                                           Washington, DC 20005

11                                                           Yar R. Chaikovsky
                                                             PAUL HASTINGS LLP
12                                                           1117 S. California Avenue
                                                             Palo Alto, CA  94304

13                                                           Attorneys for Defendants
                                                             FAIRCHILD SEMICONDUCTOR
14                                                           INTERNATIONAL, INC.,
                                                             FAIRCHILD SEMICONDUCTOR
15                                                           CORPORATION, and
                                                             FAIRCHILD (TAIWAN)
16                                                           CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28