IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INC.,

    Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,

    Defendants.

Case No. 15-cv-04854-MMC

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 33

    Before the Court is the "Motion to Dismiss PI's First Amended Complaint [("FAC")]," filed March 3, 2016, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Power Integrations, Inc. ("Power Integrations") has filed opposition, to which Fairchild has replied. The matter came on regularly for hearing on today's date. Howard G. Pollack and Michael R. Headley of Fish & Richardson P.C. appeared on behalf of Power Integrations. Blair M. Jacobs, Christina A. Ondrick, and Patrick J. Stafford of Paul Hastings LLP appeared on behalf of Fairchild. Having considered the parties' respective written submissions and the arguments of counsel at the hearing, the Court rules as follows.

    For the reasons stated by the Court on the record at the hearing, the motion to dismiss is hereby DENIED. In particular, even assuming <u>arguendo</u> the accused products in the instant case are essentially the same as the accused products in <u>Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.</u>, No. 09-5235 (N.D. Cal. filed Nov. 4, 2009) ("<u>Fairchild IV</u>"), the Court finds Power Integrations's first cause of

action is not barred by claim preclusion.[1]  Further, the Court finds said cause of action is not an improper collateral attack on the Court's order in Fairchild IV granting "Fairchild's Motion to Strike Portions of Dr. Kelley's Infringement Report Containing New Infringement Positions," and that the FAC complies with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, as set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    Fairchild's response to the FAC shall be filed on or before April 22, 2016.

**IT IS SO ORDERED.**

Dated:  April 8, 2016

MAXINE M. CHESNEY
United States District Judge

---

[1] Although the Court has found claim preclusion would apply to the extent a claim based on any such product had accrued prior to the filing of the complaint in Fairchild IV, see Dow Chemical Co. v. Nova Chemicals Corp., 803 F.3d 620, 626 n.4, 627 (Fed. Cir. 2015) (holding "claim preclusion . . . does not apply to damages accruing after the filing of the complaint"; further holding "claims that have accrued at the time of the complaint generally must be brought together"), a dispositive determination in that regard cannot be made at this stage of the proceedings as there is no allegation in the FAC pertaining to the release dates of the accused products.

2