IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 15-cv-04854-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 95 |

Before the Court is plaintiff Power Integrations, Inc.'s ("Power Integrations") motion, filed July 20, 2018, "to Lift Stay as to the '876 Patent, and to Sever and Transfer the '876 Patent to Go Forward with Other '876 Claims Against Fairchild's Parent Corporation ON Semiconductor," by which Power Integrations sought an order "severing the '876 infringement claim under Federal Rule of Civil Procedure 21 and transferring the claim to Northern District of California case number 16-cv-6371." (See Mot. at 1:19–20.) On August 3, 2018, defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corp., and Fairchild (Taiwan) Corp. (collectively, "Fairchild") filed opposition, to which, on August 10, 2018, Power Integrations replied. Subsequently, Power Integrations, on October 26, 2018, filed a "Notice of Order," in which it withdrew its request to transfer but "maintain[ed] its pending motion to lift the stay as to the '876 patent and sever that patent from the rest of the case." (See Not. at 2:8–9.)[1] On October

---

[1] Although Power Integrations continues to move to "sever," the Court understands Power Integrations to be seeking an order allowing the above-referenced claim to proceed to trial in the above-titled action, while leaving, with one exception discussed below, the previously issued stay in place as to all other claims and counterclaims

29, 2018, Fairchild filed a response in which it reasserted its opposition thereto.

On November 2, 2018, the Court held a hearing on the motion, at which Frank E. Scherkenbach and John W. Thornburgh of Fish & Richardson appeared on behalf of Power Integrations, and Roger Fulghum of Baker Botts LLP appeared on behalf of Fairchild. Thereafter, on December 17, 2018, the parties filed a "Joint Status Report" advising the Court as to the status of challenges pending before the U.S. Patent Trial and Appeal Board ("PTAB") and Federal Circuit with respect to the claims and counterclaims asserted in the instant action. Having read and considered the papers filed in connection with the motion, as well as the arguments of counsel at the hearing, the Court rules as follows.

**BACKGROUND**

On February 25, 2016, Power Integrations filed its First Amended Complaint ("FAC"), alleging Fairchild's infringement of two Power Integrations patents, specifically, claims 31, 34, 38, and 42 of U.S. Patent No. 6,212,079 (the "'079 patent") and claims 1 and 21 of U.S. Patent No. 6,249,876 (the "'876 patent"). Thereafter, on May 20, 2016, Fairchild filed its "First Amended Answer . . . and Counterclaims," alleging Power Integrations' infringement of four Fairchild patents, specifically, claims 14 and 15 of U.S. Patent No. 6,845,019 (the "'019 patent"); claims 16, 17, 22, and 27 of U.S. Patent No. 7,352,595 (the "'595 patent"); claims 1, 6, 10, 13, 16, and 22 of U.S. Patent No. 9,049,764 (the "'764 patent"); and claims 5 and 6 of U.S. Patent No. 8,854,841 (the "'841 patent").

On December 15, 2016, the Court, on motion by Fairchild, stayed all proceedings in the instant case pending resolution of three challenges filed with the PTAB, namely, Inter Partes Review ("IPR") No. 2016-00809, pertaining to the '079 patent, and IPR No.

---

asserted therein. See Fed. R. Civ. P. 42(b) (providing, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . claims").

2

2016-01588 and Ex Parte Reexamination No. 90/008,326, both pertaining to the '876 patent.[2]

Subsequently, Power Integrations filed its motion to lift the stay as to the '876 patent, on the basis that both the IPR and reexamination proceedings pertaining to said patent had concluded "in favor of [Power Integrations]." (See Mot. at 3:4.) At the hearing on the motion, the parties, in addressing the status of the other patents, confirmed that the '079 patent claims alleged here were on appeal before the Federal Circuit, and Fairchild informed the Court that final decisions by the PTAB on three other IPRs, "against the Fairchild ['019, '764, and '841] patents," were expected to be issued prior to Thanksgiving. (See Tr. at 14:5–6.) In addition, Power Integrations took the position that the stay also should be lifted as to the '595 patent, as said patent was "not in IPR." (See id. at 16:10.) In light of the foregoing, the Court advised the parties it was inclined to allow the '876 and '595 patent claims to go forward, but to continue the stay as to the '079, '019, '764, and '841 patent claims, pending resolution of any appellate proceedings thereon, and, noting the stay "technically ha[d] lifted" by its own terms (see id. at 30:17),[3] again stayed the entire case, pending resolution of the instant motion.

Thereafter, in the Joint Status Report, Power Integrations proposed the instant case "go forward on the '876 and '595 patents, as the Court indicated it was inclined to do" (see Joint Status Report at 1:21–22), and Fairchild sought to "continu[e]" the stay (see id. at 3:21) but, in the alternative, proposed proceeding with "the entire case" (see id.

---

[2] To the extent Fairchild moved to stay pending resolution of three other challenges filed with the PTAB, namely, IPR Nos. 2016-01589, 2016-01590, and 2016-01597, the Court declined such request, as said petitions "pertain[ed] solely to claims not implicated in the present case." (See Order Gr. Mot. to Stay (Dec. 15, 2016) ("Stay Order") at 2:15–16.)

[3] As initially ordered, the stay extended only through the PTAB's resolution of IPR No. 2016-00809 and IPR No. 2016-01588, and the Patent and Trademark Office's ("PTO") resolution of Ex Parte Reexamination No. 90/008,326. (See Stay Order at 2:16–19.) By the time of the hearing, each of those challenges had been resolved. See Final Written Decision, IPR2016-00809 (Sept. 22, 2017) ("Dec. on IPR2016-00809"); Decision Den. Institution of IPR, IPR2016-01588 (Feb.17, 2017) ("Dec. on IPR2016-01588"); and Ex Parte Reexamination Certificate for U.S. Patent No. 6,249,876 C1 (Sept. 21, 2018) (addressing Reexamination No. 90/008,326) ("Reexam. Certif.").

3

1 at 3:26) or, if the Court agreed with Power Integrations' proposal, proceeding on the '841
2 patent as well.

**LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings," see Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988), and, "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay," see Akeena Solar Inc. v. Zep Solar Inc., 2011 WL 2669453, *2 (N.D. Cal. 2011) (internal quotation and citation omitted).

In deciding whether to impose a stay, the Court considers three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." See Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006). In deciding whether to lift a stay, the court considers those same factors. See, e.g., Personal Audio LLC v. Google, Inc., 230 F.Supp.3d 623, 626 (E.D. Tex. 2017) (considering, in "deciding whether to lift an already-imposed stay pending IPR, . . . the same three factors that were considered at the time that the stay was imposed").

**DISCUSSION**

At the time the instant motion was filed, a number of proceedings relevant to the claims at issue here were pending decision before the PTO and PTAB, and the parties did not know whether those decisions, once issued, would be appealed. The circumstances have now changed. The PTO and PTAB have taken final action as to all of the patent claims at issue here, and, to the extent an appeal to the Federal Circuit has not been filed, the time to do so has passed. The current status of each of those claims is set forth below.

With respect to the '079 patent, the PTAB found claims 31, 34, 38, and 42

unpatentable. See Dec. on IPR2016-00809, at 3.[4] On February 23, 2018, Power Integrations filed an appeal; briefing was completed on July 13, 2018, and, to date, oral argument has not been scheduled. See Fed. Cir. Case No. 18-1607.

With respect to the '876 patent, as to claim 1, the record reflects a number of proceedings before the PTO, PTAB, and Federal Circuit, with the result that said claim ultimately was found "patentable as amended." See Reexam. Certif. at 2. As to claim 21, the PTAB declined to institute IPR, see Dec. on IPR2016-01588 at 2, and the record does not reflect any appeal of that decision or other challenge to said claim.[5]

With respect to the '019 patent, the PTAB cancelled claims 14 and 15, see Final Written Dec., IPR2017-01328 (Nov. 6, 2018) at 2, and no appeal has been filed.[6]

With respect to the '595 patent, the parties have stated that no IPR or other challenge has been filed.

With respect to the '764 patent, Semiconductor Components Industries, LLC ("Semiconductor Components"),[7] disclaimed claims 1, 6, 10, 13, and 22, and the PTAB found claim 16 unpatentable. See Final Written Dec., IPR2017-01329 (Nov. 7, 2018) at 2 & n.1. Subsequently, after the filing of the Joint Status Report, Semiconductor Components, on January 9, 2019, filed an appeal; to date, no briefing schedule has been set. See Fed. Cir. Case No. 19-1414.

---

[4] Although the parties refer to two other IPR decisions pertaining to the '079 patent, see IPR2016-01590 and IPR2016-01592, each of which is on appeal, see Fed. Cir. Case Nos. 18-2085 & 18-2086, neither decision pertains to any of the claims at issue in the instant case.

[5] Although the parties identify an additional IPR decision pertaining to the '876 patent, see IPR2016-01589, which is on appeal, see Fed. Cir. Case No. 18-1705, said decision does not pertain to any of the claims at issue in the instant case.

[6] The Court notes that, in light of the cancellation of claims 14 and 15, it does not appear Fairchild can proceed on its '019 patent claim. As the parties have not, however, addressed the viability of that claim, the Court does not address it further herein.

[7] Semiconductor Components is a subsidiary of ON Semiconductor Corp., see Case No. 16-cv-6371-BLF, Dkt. No. 167-5 (Tuttle Decl.) (N.D. Cal. Aug. 2, 2018), which in 2016 acquired Fairchild.

With respect to the '841 patent, the PTAB found claim 5 unpatentable and found claim 6 had not been shown to be unpatentable. See Final Written Dec., IPR2017-01453 (Nov. 19, 2018) at 2–3. Subsequently, and after the filing of the Joint Status Report, Power Integrations, on January 18, 2019, filed an appeal; to date, no briefing schedule has been set. See Fed. Cir. Case No. 19-1448.

As the foregoing summary shows, there are, at this time, no proceedings pending before the Federal Circuit with respect to the '876 and '595 patent claims asserted in the instant action, whereas the '079, '764, and '841 patent claims asserted are all pending appeal. The Court next turns to the factors identified in Telemac.

As an initial matter, the Court acknowledges that the entire case remains at an early stage, and, consequently, the first factor continues to weigh in favor of a stay. The other two factors, however, weigh in favor of lifting the stay as to the '876 and '595 patent claims. Although Fairchild raises a concern about the potential for duplication of effort as to discovery and trial if the Court proceeds only on those two patents and the Federal Circuit ultimately allows the remaining patent claims to go forward, the Court finds, as discussed at the hearing, Fairchild has not shown such duplication is likely to be substantial. (See Tr. at 23:24–25:17.) Further, and perhaps needless to say, having pretrial proceedings and a trial as to two rather than six patents will be far less complex and, in this instance, also serves to avoid the risk of an unnecessary expenditure of a considerable amount of time, money, and other resources in the event the Federal Circuit finds the remaining claims unpatentable. Lastly, at this point, more than three years have passed since the '876 patent claim was filed (see Power Integrations' Compl. for Patent Infringement (Oct. 21, 2015) ¶¶ 25–35), and, where, as here, the parties are direct competitors, maintaining an already lengthy stay on a patent claim as to which there remains no challenge pending elsewhere could potentially result in protracted competitive harm to the patentee.[8]

---

[8] Although Fairchild, in response to the instant motion, proposes an all-or-nothing order as to a stay, the third factor also weighs in favor of lifting the stay as to the '595

6

Accordingly, the Court, having considered the factors relevant to the lifting of a stay, see Akeena Solar, 2011 WL 2669453, at *2, finds it appropriate, under the present circumstances, and for the reasons stated on the record at the hearing, to lift the stay only as to the '876 and '595 patents.

## CONCLUSION

Power Integrations' motion is hereby GRANTED, and the stay is hereby LIFTED, as to the '876 and '595 patent claims. The stay remains in effect as to the '079, '019, '764, and '841 patent claims.

In light of the above, a Case Management Conference is hereby SET for March 15, 2019. A Joint Case Management Statement shall be filed no later than March 8, 2019.

**IT IS SO ORDERED.**

Dated: February 14, 2019

MAXINE M. CHESNEY
United States District Judge

---

patent claim, which was filed almost three years ago. (See Fairchild's First Am. Ans. & Countercls. (May 20, 2016) ¶¶ 109–29.)

7